## Marcus v. Woods.

*Pleading and practice—Practice Act of 1915—Affidavit of defence—Counter-claim—Notice—Expenses of trial—Damages.*

1. A counter-claim alleging damages caused by the filing of the suit cannot be set-off.

2. Under the Practice Act of May 14, 1915, P. L. 483, where an affidavit of defence is not endorsed and plaintiff not notified to reply, plaintiff is not required to reply and defendant cannot prove his set-off.

Rule to strike off counter-claim. C. P. Allegheny Co., July T., 1921, No. 715.

*Levy & Levy*, for plaintiff; *John F. Glockner*, for defendant.

FORD, J., Oct. 5, 1921.—This action is to recover commission alleged to be due on account of the sale of real estate. The answer filed by defendant denies that plaintiff was employed or that he procured a purchaser to whom the property was sold. He further alleges that he was damaged by the filing of this suit, said damage consisting of his loss of time, payment of witness fees and attorney's fees, a total damage of $500, for which defendant asks a certificate.

The case is now before the court on a rule to show cause why the averments of the affidavit of defence relating to a set-off or counter-claim should not be stricken from the record. The affidavit was not endorsed, nor was plaintiff notified to reply thereto, in compliance with the Practice Act of May 14, 1915, P. L. 483. The cause is now at issue. The statement of damages is vague, indefinite and lacks the clearness necessary to make a complete set-off. It includes a reference to expenses not incurred and matters dependent upon the length of trial. There is force in the contention that damages caused by the "filing of this action" cannot be set off, otherwise such a counter-claim might be urged in any action. The affidavit not having been endorsed, plaintiff was not required to reply, nor has he made answer. On trial, the defendant could not prove his set-off; the mere averment could do plaintiff no harm. However, the set-off, as alleged, does not conform to the provisions of the Practice Act nor state a good cause of action, and the rule must, therefore, be made absolute.

### Order.

And now, Oct. 5, 1921, rule absolute, and so much of the affidavit of defence as reads "defendant claims damages from the said plaintiff for the filing of this suit, said damages consisting of his loss of time, payment of witness fees and attorney fees, total damages $500," for which defendant asks a certificate, is stricken from the record, with leave to defendant to amend.

From Edwin L. Mattern, Pittsburgh, Pa.